**WIENER v. MUTUAL LIFE INS. CO. OF NEW YORK.**

No. 3496.

District Court, E. D. Missouri, E. D.

April 21, 1945.

Burnett, Stern & Liberman, of St. Louis, Mo., for plaintiff.

Jones, Hocker, Gladney & Grand, of St. Louis, Mo., for defendant.

HULEN, District Judge.

This case originated in the Circuit Court of the City of St. Louis in December, 1941, on petition filed by the plaintiff to recover benefits under total and permanent disability provisions in a life insurance policy issued by defendant. From an adverse decision in the state court, plaintiff prosecuted an appeal which ultimately resulted in a judgment of the Supreme Court of Missouri (352 Mo. 673, 179 S.W.2d 39) reversing and remanding the case for a new trial. The petition, in the first instance, sought recovery for one year's disability under the policy. Subsequent to the case being reversed and remanded for a new trial, plaintiff amended his petition, adding three additional counts, for three alleged additional years of disability (which had elapsed since the litigation started), which resulted in the amount involved being increased to a sum exceeding $3,000, whereupon defendant by the usual procedure removed the cause to this court.

The answer in the first instance denied that plaintiff was entitled to the disability benefits provided in the policy during the period involved, and alleged that "prior to July 3, 1941", plaintiff had recovered from his previous disability to such an extent that he was able to engage in an occupation for compensation, and that he is no longer totally and permanently disabled within the meaning of the provisions of the policy. In its answer to the amended petition, the defendant included additional allegations to the effect that at the time of plaintiff's original disability there were policies in force issued by defendant and other companies providing, in the event of plaintiff's total and permanent disability, for the payment of a sum annually of approximately $13,000; that the plaintiff had entered into an agreement with his partner to cease the practice of his profession on or about the first day of June, 1936, whereby he was to receive a certain percentage of the net receipts of the business as conducted by the remaining partner, and that as a result of the arrangement, the plaintiff received for the year 1936 the sum of $30,000; that plaintiff's attending physician had knowledge of plaintiff's income, and took those facts into consideration in diagnosing plaintiff's condition and that such facts were considered by the physician as a basis for "advising" the plaintiff that he should no longer continue the practice of his profession; that plaintiff on or about October 1, 1941, settled and adjusted disability claims against other insurance companies whereby they agreed to pay plaintiff $375 per month instead of the sum of $500 per month, as provided in the policies, the settlement contract providing "that plaintiff might in the future engage in any occupation or business" without affecting the obligation of the companies under the settlement agreements. There is now before the court a motion by plaintiff to strike from the answer the allegations referring to income of the plaintiff from his settlement agreement with his former partner, other policies with disability benefit provisions, and the settlement contract on other policies, on the ground that the allegations are "redundant, immaterial, impertinent * * * and do not state a legal defense."

Before passing to the questions of materiality and competency of the matters referred to in the motion to strike, we make the observation that the allegations of the answer referred to constitute the pleading of evidence and, if admissible as competent evidence, their inclusion in the pleadings is not necessary. Defendant's acquaintance with this concept of pleading is demonstrated by the absence of any such allegations in the answer upon which the case was tried in the state court, where evidence thereon was offered and received.

We state our present views on the competency of the evidence referred to for the benefit of counsel in preparing their case for trial. As we understand the defendant's position, it is that the evidence set forth in the answer is admissible for the purpose of showing that one of the factors which influenced plaintiff's decision to quit work was the large amount of disability insurance which he held, payable if he became disabled before a certain date, and terms of sale of his interest in the partnership.

In a brief supplied to this court by the defendant, a number of cases are cited in support of defendant's position that the evidence under consideration is competent and material to the issues in this case. Federal Appellate Court cases are cited—for the most part war risk cases. There are decisions of the Federal Courts (including war risk cases) holding such evidence admissible, and other cases (including war risk cases) holding that such evidence is not admissible. In each instance, it was the issues and circumstances of the case that decided the admissibility of the evidence. In the case of Cockrell v. United States, 2 Cir., 74 F.2d 151, 153, the defense was that claimant was malingering. There the Court said: "This situation has resulted in the courts viewing the admissibility of such evidence as being proper *under some circumstances* and *improper in others.*" (Emphasis added.)

With regard to evidence of plaintiff's income from sale of his interest to his partner, the Supreme Court of Missouri held [352 Mo. 673, 179 S.W.2d 41]—"The amount received from the sale was not relevant *under the circumstances.* It does not prove nor disprove disability. It was prejudicial error to admit it." (Emphasis added.)

Passing on admission of the evidence of disability payments plaintiff was receiving from other insurance companies, the Supreme Court ruled—"The admission of this testimony was likewise prejudicial error."

The Supreme Court held that that part of the agreement entered into by the plaintiff and other insurance companies whereby it was provided that plaintiff could engage in any occupation without affecting the obligations of the companies to continue payments under the settlement contract—" * * * was proper evidence against the doctor." (plaintiff).

We consider this court bound by the rulings of the Supreme Court on the issue now presented.

If the basis, that is, circumstances, of the Supreme Court's ruling have been changed —if there are new or different circumstances than those passed upon by the Supreme Court in ruling on this case, our attention has not been called to them. Since the briefs filed with the Supreme Court are the same briefs as were filed in support of defendant's position on the pending motion, we assume that the circumstances and issues remain the same. We do not find any difference in the ruling of the Federal Courts and the Supreme Court of Missouri in this case, on the admissibility of the evidence under consideration. The Supreme Court of Missouri, indicating its accord with the Federal ruling, held that the evidence was not admissible under the circumstances of this case and stated in its opinion, "Its admissibility 'depends upon the fact issues and the situation developed by the evidence of each particular case,'" citing Cockrell v. United States, supra.

We interpret the decision of the Supreme Court in this case as holding that there was no issue presented which rendered the evidence under consideration competent and material to the issue. The Supreme Court did not hold that the evidence is never admissible, but only that it was not admissible under the circumstances or issues of this case. We know of no decision of the Federal Courts more liberal to defendant's views, and our attention has not been called to any under circumstances and issues like those in this case. Therefore, Rule 43(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, will not aid the defendant's position.

Admission of evidence of the income of plaintiff was not held error by the Supreme Court of Missouri because of failure of plaintiff to plead such matters, but because, under the circumstances of this case, it was not competent. Allegations of receipt of such income in the amended answer could not create a new or different issue or circumstance in the case from that which was before the Supreme Court under the present state of the pleadings that would render the evidence admissible under either authorities of the State of Missouri or the Federal Appellate Courts. We do not understand the amended answer as pleading a charge of malingering on the part of plaintiff. The amended answer, after setting forth the income of plaintiff, alleges that plaintiff's physician—"feeling that plaintiff was temperamentally incapable of practicing his profession with restraint and moderation" and with knowledge of plaintiff's income, "advised the plaintiff that he should no longer continue the practice of his profession." The answer alleges that plaintiff "has not been at any time totally disabled since March 24, 1937 * * * that he has been at all times able to carry on the practice of his profession in the usual and profitable way by observing some slight moderation of strenuous activity and reasonably controlling his temperament and profession-

al pride, which prompt him to cease all practice rather than do so other than in the most outstanding and strenuous way." These allegations create the issue in this case. We can see no difference between the issues and circumstances of the case which is now presented and that which was before the Supreme Court of Missouri at the time of its decision in this case.

Should circumstances and issues develop that would render the evidence of plaintiff's income competent and material, the ruling now being made would not prevent such evidence being received if offered.

### Order.

Motion of plaintiff to strike out of defendant's answer paragraphs nine, ten, eleven, twelve, thirteen, fourteen and fifteen is sustained.